923 F.2d 839
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Richard CEPULONIS, et al., Plaintiffs, Appellees,
v.
COMMISSIONER OF CORRECTIONS, et al., Defendants, Appellees,
Michael Kevin Dupont, John Todd, Timothy Smith and Robert
Wilson, Plaintiffs, Appellants.
 Nos. 90-1241, 90-1284.
 United States Court of Appeals, First Circuit.
 Oct. 1, 1990.
 
 Appeal from the United States District Court for the District of Massachusetts; Rya W. Zobel, District Judge.
 Michael K. Dupont, on various motions pro se.
 James M. Shannon, Attorney General, and Gary J. Mena, Assistant Attorney General, on memorandum in opposition thereto.
 D.Mass.
 AFFIRMED.
 Before BREYER, Chief Judge, and SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants appeal from the denial of their motion to vacate an order dismissing a class action of which they were members. We review the background.
 
 
 2
 A class action was brought by inmates of the Departmental Segregation Unit (DSU) at MCI Walpole contending that defendant correctional officials had failed to provide plaintiffs with meaningful legal assistance or adequate access to law library materials. The district court ordered specific forms of relief (e.g., establishment of a satellite law library), and this court upheld, for the most part, the district court's order. Cepulonis v. Fair, 732 F.2d 1 (1984). Thereafter, plaintiffs contended that defendants had failed to comply with the district court's remedial order and moved to hold defendants in contempt. On June 26, 1987, counsel for the plaintiff class and counsel for defendants executed a detailed stipulation of dismissal resolving the motion for contempt. Among other things, the stipulation of dismissal enumerated what volumes the satellite library would contain, required the satellite library to be operated sufficient hours to provide "timely access" to any DSU inmate requesting use, set forth procedures for obtaining access to material kept in the main library, directed that written policies and procedures regarding requests by inmates for legal assistance be maintained, required defendants to furnish status reports every three months until the action was dismissed, and set forth a procedure for resolving disputes over compliance. The stipulation stated that the action would finally be dismissed on March 15, 1989 and specified that dismissal would be without prejudice to any inmate filing an action subsequent to dismissal complaining that the standards set forth in the stipulation of dismissal had not be met. Notice of the stipulation was provided to inmates, and on September 17, 1987 the district court confirmed the stipulation. Thereafter, the stipulation was amended to postpone the date the action would be dismissed until May 31, 1989. Although no formal entry of a judgment of dismissal appears on the copy of the district court docket sent to this court, both sides acknowledge that the action was subsequently dismissed, in accordance with the June 26, 1987 stipulation of dismissal, as amended.
 
 
 3
 In the fall of 1989, five inmates filed affidavits and/or motions seeking relief from the judgment of dismissal or stipulation and requesting the court "to form an actual working order or system of access." They contended that defendants had never intended to comply with the stipulation and had repeatedly and flagrantly failed to adhere to its terms with the result that the inmates' access to the courts had been obstructed. Interspersed among their lengthy allegations and materials were complaints with respect to matters outside the scope of the June 26, 1987 stipulation, such as restrictions on the type and amount of materials which could be kept in their cells, claims of unequal treatment, and complaints of unlawful or retaliatory confiscation of legal materials. The inmates sought discovery with respect to their allegations. The court denied the inmates' motions to vacate the judgment of dismissal on the ground that they had "not allege[d] sufficient grounds for the relief they [sought]." No further discussion or explanation was provided. Four inmates now have appealed.
 
 
 4
 The June 26, 1987 stipulation specifically reserved to inmates both legal and equitable remedies for redressing denial of access claims and for compelling compliance with the terms of the stipulation.[1] In other words, the stipulation did not contract appellants' remedies, but rather broadened them. Under these circumstances, we conclude the district court did not err or abuse its discretion in denying appellants discovery and in ruling that appellants had failed to allege any sufficient basis for vacating the judgment dismissing the class action and contempt proceedings. Both before and after dismissal, appellants had sufficient means for presenting denial of access to courts claims or other constitutional claims to the courts. The district court could reasonably conclude that the complaints of noncompliance from five inmates did not warrant upsetting the class wide relief which had been crafted over a substantial period of time, particularly where those inmates had alternate means for seeking redress. Consequently, we affirm the judgment of the district court pursuant to First Circuit Rule 27.1. Our affirmance is without prejudice to appellants filing new complaints raising any individual denial of access or other claim they may have. In view of this affirmance, all of appellants' motions are denied as moot.
 
 
 
 [1]
 In particular, paragraphs V B 2 and V I D of the June 26, 1987 stipulation read as follows:
 
 
 [2]
 Dismissal of this action shall be without prejudice to the assertion against the DOC by any inmate at MCI, Walpole, including the named plaintiffs, at any time subsequent to the dismissal of this action, that the standards of access to law libraries, legal assistance and/or the courts set forth in this Stipulation of Dismissal are no longer being met by the DOC at MCI, Walpole
 * * *
 D. Actions for Damages
 It is expressly agreed by the parties that the issue of monetary damages is not addressed by this action or the Stipulation of Dismissal. Therefore, the Stipulation of Dismissal is entered into by the parties without prejudice to the filing of separate suits for damages by the plaintiffs, whether jointly or individually, in any state or federal court of competent jurisdiction.